IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

PATRICK JEREMY RICE, )
)
    Plaintiff, )
)
v. ) CV 112-051
)
INVESTIGATOR BRIAN JONES, )
Columbia County Sheriff's Office,[1] )
)
    Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Columbia County Detention Center in Appling, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I.     **BACKGROUND**

Plaintiff names Brian Jones, an investigator with the Columbia County Sheriff's

---

[1] The Court notes that Plaintiff identifies Defendant Jones as an investigator with the Columbia County Sheriff's Office, rather than the Sheriff's Department. (See doc. no. 1.) The **CLERK** is **DIRECTED** to modify the docket in accordance with the caption of this Order.

Office, as the sole Defendant in this case. (Doc. no. 1, p. 1.) According to Plaintiff, immediately after questioning Plaintiff on August 18, 2010, Defendant Jones placed him under arrest without a warrant. (Id. at 5.) Plaintiff asserts that at his preliminary hearing roughly a month later, Defendant Jones testified that he did not prepare a warrant for Plaintiff's arrest and arrested him "based on [his] statements," which were neither written nor recorded, "and the statements made against [him]." (Id.) Plaintiff does not indicate that Defendant Jones testified falsely as to the contents of these statements, however. Plaintiff further asserts that Defendant Jones testified that he never advised Plaintiff of his Miranda rights.[2] (Id.)

As a result of Defendant Jones' alleged conduct, Plaintiff asserts that he has been incarcerated for over nineteen months "with no resolution."[3] (Id.) Plaintiff seeks compensation stemming from various losses, defamation, and mental anguish that he has allegedly suffered as a result of his incarceration. (Id. at 6.) Notably, other than the alleged suffering resulting from his incarceration, Plaintiff does not assert that he has otherwise been

---

[2] See Miranda v. Arizona, 384 U.S. 436, 444 & 478-79 (1966) (explaining that the Fifth Amendment protects against compelled speech and holding that evidence obtained as a result of custodial interrogation will be inadmissible in criminal proceedings unless the defendant is warned, prior to questioning, "that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.").

[3] The online docket for the Superior Court of Columbia County reflects that there is an ongoing criminal proceeding against Plaintiff, who was indicted on charges of child molestation on September 29, 2010. See http://www.columbiacountyga.gov (follow link for "Clerk of Courts," then follow link for "Dockets," then select "Criminal Search" and search case number "2010CR1115") (last visited July 10, 2012). The Court takes judicial notice of these facts. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting that a court may take judicial notice of another court's records to establish the existence of ongoing litigation and related filings).

injured by Defendant Jones' actions. Plaintiff also demands the following injunctive relief: that all charges against him be dropped, that he be immediately released, that his arrest record be expunged. (Id. at 6.)

## II. DISCUSSION

### A. Failure to State a Claim for Miranda violation or for Injunctive Relief

As an initial matter, Plaintiff's allegation that Defendant Jones failed to advise him of his Miranda rights does not give rise to a cognizable claim under § 1983. See Jones v. Cannon, 174 F.3d 1271, 1291 (11th Cir. 1999). Moreover, to the extent Plaintiff seeks injunctive relief based on his allegedly unlawful incarceration, he fails to state a claim under § 1983. The Supreme Court has held that § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); see also Johnson v. Chisholm, CV409-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining that pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under § 1983 because his sole remedy was to file a habeas petition under 28 U.S.C. § 2241).

In short, a claim for injunctive relief that challenges Plaintiff's confinement is not cognizable under § 1983, but must instead be brought in a habeas petition. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging *the fact* of confinement "fall within the 'core' of habeas corpus," while claims challenging the *conditions* of confinement may be brought in a civil rights action under 42 U.S.C. § 1983);

3

Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

Here, Plaintiff alleges that Defendant Jones' unconstitutional actions toward him led to his unlawful imprisonment, and he seeks relief from that unlawful imprisonment in the form of immediate release and he further requests that his criminal record be expunged and that all charges against him be dropped. (Doc. no. 1, p. 6.) However, it is clear that a claim for injunctive relief based on the fact of Plaintiff's confinement is not actionable in a § 1983 suit. Thus, Plaintiff's claim for injunctive relief should be dismissed for failure to state a claim.

### B. Failure to State a Claim for Damages

In addition, to the extent Plaintiff seeks damages based on the fact of his confinement, such a claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 damages claim does not accrue until that invalidity is proven. Id. at 486-87; see also Edwards v. Balisok, 520 U.S. 641, 645 (1997) (extending Heck to due process challenges brought under § 1983); Mallery v. McLeod, No. 312cv126, 2012 WL 2378140, at *3-4 (N.D. Fla. May 31, 2012) (finding that Heck applies to suits filed by pretrial detainees and explaining that Heck barred the detainee's damages claims because, if successful, his claims would necessarily imply the invalidity of his potential convictions).

Of course, the Supreme Court also explained that Heck might not necessarily bar a Fourth Amendment claim brought pursuant to § 1983: "Because of doctrines like

4

independent source and inevitable discovery and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." Heck, 512 U.S. at 487 n.7 (internal citations omitted). Stated another way, "Because an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, Heck does not generally bar such claims." Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citations and footnotes omitted).

However, to recover compensatory damages in such a case, "the § 1983 plaintiff must prove not only that the [alleged Fourth Amendment violation] was unlawful, but that it caused him actual, compensable injury," which does *not* encompass the "injury" of confinement. Heck, 512 U.S. at 487 n.7 (citation omitted). Indeed, "[a]s the Supreme Court noted, the most obvious example of an action barred by Heck is one in which the plaintiff actually 'seek[s] damages directly attributable to conviction or confinement.'" Hughes, 350 F.3d at 1160 (quoting Heck, 512 U.S. at 486 n.6). Simply put, a claim for monetary damages resulting from Plaintiff's alleged unconstitutional confinement is not cognizable under § 1983. Heck, 512 U.S. at 487.

Here, as noted above, while Plaintiff seeks compensation from suffering related to his incarceration, he does not assert that he has suffered any injury aside from his alleged unconstitutional confinement. Plaintiff's request for compensatory damages directly attributable to the fact of his confinement is therefore barred under Heck and should likewise be dismissed. In sum, as all of Plaintiff's claims are subject to dismissal, his complaint accordingly fails to state a claim upon which relief can be granted.

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of July, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE